any, proximately resulting from such strict product liability. We do not retain jurisdiction.

DANNY BOCCHINO, PETITIONER-APPELLANT, v. BOARD OF REVIEW AND HUDSON COUNTY ACCOUNTS AND CONTROLS, RESPONDENTS-RESPONDENTS.

Superior Court of New Jersey
Appellate Division

Submitted June 11, 1985—Decided July 1, 1985.

Before Judges PRESSLER and COHEN.

*Timothy K. Madden,* Director of Hudson County Legal Services Corp., Attorney, for petitioner-appellant (*Maureen C. Schweitzer,* of counsel, and on the brief).

*Irwin I. Kimmelman,* Attorney General, Attorney, for respondents-respondents (*Michael S. Bokar,* Deputy Attorney General, of counsel; *Sidney Simon,* Deputy Attorney General, on the brief).

The opinion of the court was delivered by

RICHARD S. COHEN, J.A.D.

Danny Bocchino received unemployment compensation benefits totalling $1536 for a 12 week period ending February 27, 1983. After he had received the payments, it was ultimately decided that he was not entitled to them, and he was ordered to repay them. Bocchino appealed to this court. He does not challenge the determination that he was not entitled to benefits, but he contends that he is excused by the statute from repayment. We disagree and affirm.

The statutory provision which Bocchino invokes is *N.J. S.A.* 43:21–6(b)(1). It is part of a lengthy section outlining the procedures for making and processing claims for unemployment compensation benefits, for the determination by a deputy whether a claimant is "eligible" for benefits, *N.J.S.A.* 43–21–4,

and whether the claimant is "disqualified" from receiving benefits. *N.J.S.A.* 43:21–5. Appeals from the deputy's determination may be made to an appeal tribunal and ultimately to the board of review.

*N.J.S.A.* 43:21–6(b)(1) says, in pertinent part:

... if there are two determinations of entitlement, benefits for the period covered by such determinations shall be paid regardless of any appeal which may thereafter be taken....

The provision uses neither the term "eligible" nor the term "disqualified," but the broader "determinations of entitlement." We construe that to mean determinations that a claimant is both eligible and not disqualified.

■ The usual situation contemplated by the quoted language is a determination of entitlement made by the deputy and affirmed by the appeal tribunal. In that situation, the language says, repayment will not follow subsequent reversal by the board of review or by this court. The statute does not make the reason clear, and we are not aware of any legislative history. The purpose seems to be to relieve a claimant who, in good faith, accepts and spends benefits sanctioned by two different administrative tribunals and who should, therefore, not have repayment added to the already heavy burden of unemployment. Because the two-determination rule rests on the concurrence of two tribunals on the matter of entitlement, their determinations must be independent and must encompass both essential factors of eligibility and nondisqualification.

The procedural course of Bocchino's claim was a complex one. The board of review argues before us that there were not two complete and independent determinations of entitlement. We agree. The chronology was in these steps:

(1) On December 22, 1982, a deputy held Bocchino eligible but disqualified for benefits.

(2) On January 20, 1983, the appeal tribunal held that Bocchino was not disqualified and remanded the issue of eligibility to the deputy.

(3) On remand, the deputy ruled Bocchino was entitled to benefits because eligible and not disqualified.

(4) On May 19, 1983, after all benefits were paid, the board of review set aside the appeal tribunal's determination and remanded to the appeal tribunal for a rehearing and a new decision on all issues.

(5) On June 15, 1983, the appeal tribunal again held that Bocchino was not disqualified. It did not expressly decide the matter of eligibility.

(6) On August 22, 1983, the board of review reversed and again held Bocchino disqualified for benefits. It further held him liable to refund the benefits he received. The Director of the Division of Employment Security ordered a refund. The order was administratively affirmed and ultimately appealed to this court.

■■■ Ordinarily, a determination of entitlement must include decisions that the claimant is both eligible and not disqualified for benefits. That is because both of those decisions are necessary to entitle a claimant to benefits. *See Krauss v. A. & M. Karagheusian*, 13 *N.J.* 447, 454–455 (1953). A favorable determination of one of the essential factors that leaves the other undecided is not a determination of entitlement. *Amico v. Bd. of Rev., Div. of Emp. Sec.*, 49 *N.J.* 159, 172–173 (1967). A favorable determination of one of the essential factors may, when added to a controlling determination of the other by a higher tribunal, entitle the claimant to benefits. It is not, however, "a determination of entitlement" for the purpose of the two-determination rule, because it is not a fully independent determination of both essential factors.

■■■ In this case, the deputy ruled on remand that Bocchino was entitled to benefits because the appeal tribunal reversed the deputy's original decision that he was disqualified. [Step 3, above] The only other determination of both factors was the appeal tribunal's June 15, 1983 decision. [Step 5, above] Thus, the appeal tribunal was the only forum that independently determined, at any time in these proceedings, that Bocchino was not disqualified. In those circumstances, the two-determination rule does not apply, and the decision of the board of review must be

Affirmed.